CRAVENS, S. J.
A preliminary question arises on a motion to dismiss the writ of error. The defendant has assigned several grounds in support of his motion. It will be necessary for ns to notice hut one. It is objected “ that the record shows that there has been rendered no final or other judgment against Wyatt Hanks and Donald McDonald, who prosecute this writ "of error ” in favor of the said Alexander Horton, administrator.
There must be a judgment of an inferior court rendered before there can he an exercise of jurisdiction in this court. (21 Wend. R., 667.)
The provision of law under whieii this bond was given is found in the fifth section of an act to regulate the granting and trials of injunctions, which requires the complainant to enter into bonds with security before the clerk of the court whence the injunction issues for the payment into court of the sum complained of, and all costs, upon the dissolution of the injunction; and it is also further provided that the bonds taken under the provisions of this act “shall have the force and effect of a judgment; and the party or parties whose *53 judgment may have been enjoined may take out execution against all the obligors in the bond for the amount of the judgment enjoined, together with interest thereon, and also for the cost incurred by the injunction.” (Laws 1841. p. 83, sec. 4, 5.)
If the bond in this case was in compliance with the statute, it might be necessary to determine whether a bond given that lias the force and effect, of a judgment can be revised by this court upon a writ of error, or whether the party would not be bound to proceed under the eighteenth section of the statute of limitations, (Laws, 1841, p. 168,) which provides “that the obligors on all such bonds shall have one year next after the forfeiture of the same to move to quash the bond, and to have any issues tried by a jury which, in a regular action on such bond, might properly defeat or modify a recovery thereon against such obligor or obligors.” But on comparing the conditions imposed by the statute with the stipulations contained in the bond, there will be found a great dissimilarity in their features. By the statute the obligors should covenant that on the dissolution of the injunction they will pay the sum complained of and all cost. But the conditions of this bond are that they will pay such cost and damages as may be recovered against him in any suit or suits hereafter to be brought.
The construction of involuntary bonds or those taken under color of office or of the law is more rigorous than of bonds taken voluntarily, and they are required, in form and substance, to have a more exact conformity to the statute. (2 Tex., 256.) In this case there is no judgment disclosed by the record against the plaintiffs in error, nor is there such a bond as would have the force of a judgment under the statute. It is therefore ordered, adjudged, and decreed that this cause be dismissed, and that the plaintiffs in error pay all costs expended herein.
Reversed and dismissed.