Opinion by
White, P. J!
§ 788. Statutory bonds; rules as to; sheriff’s bond; conditions of; case stated. This is a suit by appellee against King and his sureties on his official bond as sheriff. Appellee sued out an attachment against the property of one Green, and the writ was placed in the hands of King, as sheriff, to be executed, and the petition alleged that he failed to execute the same, and made a fraudulent return thereon. Appellee recovered judgment against King and his sureties for damages, a general demurrer to the petition having been overruled. The first error assigned is, that the court erred in overruling appellants’ general demurrer to the petition, because said petition shows upon its face no cause of action. It is contended in support of the demurrer that the bond sued upon is not a valid one, because not conditioned as required by law, in this, that it is conditioned that King, as sheriff, will “well and truly perform,” etc., when the statutory condition is to “faithfully perform,” etc. [R[ S. art. 4516.] It is a general rule that a statutory bond, to be valid as such, must strictly conform, in every essential particular, to the statute. [Hanks v. Horton, 5 Tex. 103; Lawton v. State, 5 Tex. 170; Mays v. Lewis, 4 Tex. 1; Warren v. State, 21 Tex. 510.] But there is this further rule to be observed in the construction of such bonds: “If a departure from the conditions of the bond prescribed by the statute makes the obligation less onerous, the bond may be enforced by a summary-judgment; but”when the conditions of the bond are more onerous *697 than the statute requires, such judgment ought not to be entered against the securities.” [Janes v. Reynolds, 2 Tex. 250.] In Johnson v. Erskine, 9 Tex. 1, it was held ‘ ‘ that when directed to be made in a particul ar mode, that mode must be substantially pursued, in order to make a statutory bond; but to render a bond void for want of conformity to the statute, it must be made so by express enactment; or be intended as a fraud on the obligors, by color of law, by an evasion of the statute; or be more onerous than is required by the statute.” The bond sued on, though not in the terms of the statute, is, in our opinion, in substantial compliance therewith; and the substituted words do not make the condition more onerous than the statutory word.. This ground of the demurrer was properly overruled.
June 25, 1885.
§ 789. Judgment in attachment suit is void, if rendered before the debt is due. The petition alleged that the note sued on in the case of Frazer v. Green was due August 24, 1884, and that judgment was rendered upon it in said suit August 6, 1884, eighteen days before it was due. It is provided by statute that “The writ of attachment may issue, although the plaintiff’s debt or demand be not due; and the same proceedings shall be had thereon as in other cases, except that no final judgment shall be rendered against the defendant until such debt or demand shall become due.” [R. S. art. 155.] It appears, therefore, from the petition that the judgment rendered in the attachment suit of Frazer v. Green was without authority of law. Such a judgment is void, and, being void, the petition does not show a cause of action, because appellee could not, in contemplation of law, have been damaged by the failure of the sheriff to execute the attachment, the validity of which writ depended upon the validity of the judgment. [Sydnor v. Tatham, 6 Tex. 189; Culbertson v. Cabeen, 29 Tex. 247; Cox v. Rhinehart, 41 Tex. 591.] This ground of the demurrer was well taken and the court erred in not sustaining it.
Reversed and remanded.