J. W. HILLMAN v. JOHN W. MAYHER ET AL.

Decided February 25, 1905.

**1.—Liquor Dealers' Bond—Sureties—Validity.**

Since the statute requires that the bond of a retail liquor dealer shall be executed with at least two sufficient sureties, such a bond with only one surety is not a valid statutory bond, and a recovery for the statutory penalties for breach of its conditions can not be had against either the principal or surety.

**2.—Same—Common Law Obligation.**

No recovery for the penalties could be had on such a bond, as a common-law obligation, for the reason that there is no common-law action for such penalties.

**3.—Same—Pleading—Statutory Penalties.**

Where the action is brought distinctly as one on a statutory bond, with appropriate allegations, to recover penalties purely statutory, it can not be maintained on a bond good only as a common-law obligation.

Appeal from the District Court of Bowie. Tried below before Hon. P. A. Turner.

*Hillman & Graham* and *A. C. Tisdale,* for appellant.—The bond sued on was sufficient to sustain the judgment herein, both as a statutory bond and as a common law obligation. Roose v. Perkins, 9 Neb., 304, 2 N. W. Rep., 715; Thomas v. Hinkle, 19 Neb., 324, 27 N. W. Rep., 231; Uldrich v. Gilmore, 53 N. W. Rep., 135; Lucas v. Johnson, 64 S. W. Rep., 823; Scalfi & Co. v. State, 7 Texas Ct. Rep., 225; Jones v. State, 10 Texas Ct. Rep., 788; Meadors v. Adams, 8 Texas Ct. Rep., 257; State v. Sitterle, 26 S. W. Rep., 764.

*Hart, Mahaffey & Thomas,* for appellees.—1. A liquor dealer's bond having but one surety is not a statutory bond; it is void, and can not form the basis for a recovery of statutory penalties against either the principal or surety thereon. Art. 3380, Sayles' Civ. Stats.; Jacobs, Bernheim & Co. v. Shannon, 1 Texas Civ. App., 395; Cutler v. Roberts (Neb.), 29 Am. Rep., 371; State v. Vinson, 5 Texas Civ. App., 315.

2. The inquiry in this case as to whether the bond under consideration is good as a common law obligation is wholly immaterial, because the plaintiff's action as declared thereon is for the recovery of a penalty, and is not an action provided for by the common law. 26 Am. and Eng. Ency. Law, 672.

TALBOT, ASSOCIATE JUSTICE.—This suit was instituted to recover upon a liquor dealer's bond. The breaches alleged are, that appellee Mayher permitted appellant's minor son to enter and remain in his place of business on two different occasions, and allowed him to play prohibited games of pool therein. The petition alleged that Mayher had procured a license authorizing him to engage in and pursue the occupation of a retail liquor dealer at 108 Broad Street, in the city of Texarkana, Texas. The bond given for that purpose, and upon which appellant's cause of action is based, was copied in the petition, and it

appears therefrom that L. Kingsbury the other appellee herein, is the only surety thereon.

Appellee interposed a general demurrer to appellant's petition, which was sustained and the case dismissed. From this judgment of the court appellant has appealed.

We are of the opinion that the court did not err in sustaining the demurrer and dismissing the case. Our statute regulating the sale of intoxicating liquors requires the retail dealer therein to execute a bond, "*with at least two* good, lawful and sufficient sureties," conditioned, among other things, that he will not permit any person under the age of twenty-one years to enter and remain "in his place of business," and that "he will not permit any games prohibited by the laws of this State to be played" therein. If the conditions of such bond are breached the liquor dealer and his bondsmen become liable to the person or persons aggrieved thereby for the penalties prescribed. But without the bond no such right of action exists. The action is purely statutory and penal in its character and must be strictly construed; the several sums sued for are penalties and can not be recovered unless the party suing brings himself strictly within the terms of the Act. (State v. Vinson, 5 Texas Civ. App., 315; Schloss v. Railway, 85 Texas, 601; Johnson v. Rolls, 97 Texas, 453, 79 S. W. Rep., 513.) In the case at bar appellant not only failed to allege the execution of such a statutory bond as is required by law, by appellee Mayher, but his petition discloses upon its face that the bond declared on and alleged to have been executed by Mayher is not in conformity to the statute in that there is but one surety upon it. We are of the opinion that a liquor dealer's bond having but one surety is not a valid statutory bond, and furnishes no basis for the recovery of the statutory penalties prescribed for a breach of the conditions of such bond against either the principal or surety thereon. (Batts' Civ. Stats., art. 5060g: Jacobs, Bernheim & Co. v. Shannon, 1 Texas Civ. App., 395; Cutler v. Roberts, 29 Am. Rep., 371; State v. Vinson, 5 Texas Civ. App., 315.)

In the case of Jacobs, Bernheim & Co. v. Shannon, supra, it is held that a claimant's bond with only one surety is not a valid statutory bond, because the statute requires that such bond shall be signed by "two or more good and sufficient sureties."

Neither can the action be sustained upon the theory that the bond under consideration is good as a common law obligation. The right of action to recover the penalties sued for arises solely upon the bond required by law to be given in such cases. Appellant has no common law action for the penalties sought to be recovered. To uphold the bond in question as a valid common law obligation upon which a recovery may be had as such, it must be done independently of the statute by the authority of which it was intended to be executed. In the case of Johnson v. Erskine, 9 Texas, 7, 8, and quoted with approval by this court in the case of State v. Vinson, supra, it is said: "We believe that if a bond intended to be taken by the authority of a statute can not be sustained as a statutory bond, it can not be valid as a common law voluntary bond, unless it will stand as such without the aid of the statute by which it has been repudiated." As illustrative of that class of bonds, which will so stand, it is further said in the case cited, that

"injunction bonds, bail bonds, replevy bonds, forthcoming bonds, appeal and writ of error bonds, and all such as are made payable to the beneficiary or the interested party—would be valid at common law without resorting to the statute to give them effect as such." Clearly the bond under consideration does not fall within the class mentioned and can not be recovered upon as a common law obligation. We think, however, that if it should be conceded that the bond sued on is good as a common law obligation, still appellant would not be entitled to recover in this suit. The action brought is distinctly a suit on the bond as a statutory bond, with allegations appropriate to such an action, and not upon it as a common law undertaking. Besides, an action like this to recover penalties purely statutory, can not be maintained on a bond good only as a common law obligation.

The judgment of the court below is affirmed.

*Affirmed.*