LION BONDING & SURETY CO. v. TRUSS-
ED CONCRETE STEEL CO. OF TEXAS
et al. (No. 5905.)

(Court of Civil Appeals of Texas. Austin.
April 17, 1918. Correction of Findings of Fact
and Judgment, May 1, 1918.)

1. MUNICIPAL CORPORATIONS ☞347(2)—CON-
TRACTOR'S BOND — "LIENS" — LIABILITY OF
SURETY.

Despite Vernon's Sayles' Ann. Civ. St. 1914,
arts. 6394f–6394j, where bridge contractor's
bond was conditioned on completion according to
specifications and delivery to city free from all
liens, which completion was had and delivery
free from liens made to city because no one can
have a lien on public works, surety was not lia-
ble to materialmen; "liens" having its usual sig-
nification, and not meaning "claims."

[Ed. Note.—For other definitions, see Words
and Phrases, First and Second Series, Lien.]

2. CONTRACTS ☞167—CONSTRUCTION.

The law must be read into every contract.

3. EVIDENCE ☞87—PRESUMPTIONS—EFFECT—
PERFORMANCE OF DUTY BY OFFICERS.

The presumption that public officers do their
duty prevails, in the absence of proof, and not
against it.

· Appeal from District Court, Bell County;
F. M. Spann, Judge.

Suit by the Trussed Concrete Steel Com-
pany of Texas and others against the Hess
& Skinner Engineering Company and the
Lion Bonding & Surety Company. From
judgment for plaintiffs, the Bonding & Surety
Company appeals. Reversed and rendered
in part, and in part affirmed.

A. B. Wilson, of Houston, and M. E. Mon-
teith, of Belton, for appellant. Thompson,
Knight, Baker & Harris and Alex. F. Weis-
berg, all of Dallas, and Sam D. Ware, of
Belton, for appellees.

Findings of Fact.

JENKINS, J. The city of Belton, a munic-
ipal corporation under the laws of this state,
entered into a contract with Hess & Skinner
Engineering Company for the construction of
two bridges in said city, in accordance with
certain specifications, for which it agreed to
pay a certain price. The contractor was to
furnish all material and labor. In so far as
said contract related to a bond to be executed
by the contractor, it was as follows:

"Said contractor agrees to execute a good and
sufficient bond, acceptable by the said city, con-
ditioned upon the faithful performance of this
contract by the said contractor, said bond to be
in the sum of twenty-one thousand ($21,000.00)·
dollars, and payable to Neal Bassell, mayor of
the said city of Belton, at Belton, Texas.
* * * The said contractor shall so execute the
bond for faithful performance of this contract as
to also cover guarantee that all labor and ma-
terialmen's liens shall be paid by the said con-
tractor."

The contractor executed a bond in the
amount and payable to the party recited in
the contract, which, in so far as it bears upon
the condition of same, is as follows:

"Whereas, said principal has entered into a
certain written contract, a copy of which is
hereto attached and made a part hereof, bearing
date the 20th day of May, 1914, for the con-
struction and completion of two reinforced con-
crete bridges in the city of Belton, Texas: Now,
therefore, the condition of the foregoing is such
that, if the said principal shall well, truly, and
faithfully comply with all the terms, covenants,
and conditions of said contract on said prin-
cipal's part to be kept and performed, according
to the tenor thereof, then this obligation is to be
null and void; otherwise, to be and remain in
full force and virtue in law."

The contractor became indebted to appel-
lees in the amount for which judgment was
rendered for material used in the construc-
tion of said bridges, for which payment has
not been made. The case was tried before
the court without a jury, and judgment was
rendered against the contractor for the
amount found to be due, and also against the
bondsman, the appellant herein, for the
sum of $155.55. The court filed its findings
of fact and conclusions of law. Error is as-
signed upon the court's conclusion of law
that the appellant was liable to appellees
by reason of having executed said bond.

Opinion.

[1] Upon the authority of Campbell v.
Smith, 148 S. W. 1195, Glass Co. v. Iron Co.,
147 S. W. 620, Smith v. Bowman, 32 Utah,
33, 88 Pac. 687, 9 L. R. A. (N. S.) 889, and
authorities cited in the notes of the last
above mentioned case, we have reached the
conclusion that this case should be reversed
and rendered in favor of appellant. As was
stated in reference to the bond in Glass Co.
v. Iron Co., supra, 147 S. W. 623, the bond
herein sued upon has two conditions. One
is that the bridges should be completed ac-
cording to their specifications, and the other
that they should be delivered to the city of
Belton free from all liens. Both conditions
were complied with.

Appellees insist that, inasmuch as no one
could have a lien on public works, the latter
clause, if construed to mean what it says, is
meaningless, and cite in support of their
contention, Snider v. Greer, 51 Ind. App. 348,
96 N. E. 960. In that case the court so held
in reference to a clause in favor of lienors;
the law in Indiana being, as here, that no one
was allowed a lien on public works. The con-
clusion reached by the court in that case
was:

"The bond must therefore be treated the same
as though such words had been omitted."

This application, which we think is correct,
is against appellees, for, if the clause with
reference to lienors be omitted, the only ob-
ligation which appellant assumed was that
the work should be done in the manner and
time required by the contract. In the case
last above cited, recovery upon the bond was
permitted, for the reason that, after reject-
ing the clause held to be meaningless, there
still remained, in addition to the clause, that
the contractor "shall in all things stand to,
and abide by, and well and truly keep and

perform, the covenants, conditions, and agreements of the above-mentioned contract, and shall duly and promptly pay and discharge all indebtedness that may be incurred by the said Edward S. Petro [the contractor] in carrying out the said contract." No such clause is contained in the bond in the instant case. In fact, the contention of appellees is not that we should strike out the meaningless clause, but that we change the same so as to make "all labor and materialmen's liens" read "all labor and materialmen's claims."

Appellees cite various passages from R. C. L. to the effect that the intention of the parties must be ascertained and enforced, and that rules of construction are to be resorted to in order to ascertain such intention. These rules are to be resorted to when the language used admits of different meaning, but not otherwise. That excellent work states:

"This statement of the general rule [that the intention of the parties must prevail] necessarily implies that explicit and positive language, importing a different purpose, cannot be overruled, but must be given its obvious meaning." 6 R. C. L. 837.

"Accordingly, it is said that the agreement of the parties is to be ascertained from the plain language used by them, and such agreement is to be enforced, no matter what the intention may have been, and that, where the meaning of a contract is plain, another meaning cannot be added by implication or intendment." Id. 841.

The word "lien," both in its ordinary and technical signification, has a fixed and well-understood meaning, and in the absence of fraud, accident, or mistake the parties must be presumed to have intended such meaning, and not a very different thing.

[2, 3] It is true, as asserted by appellees, that the law must be read into every contract. The law relied upon in the instant case is found in Vernon's Sayles' Ann. Civ. St. arts. 6394f to 6394j. These articles of the statute made it the duty of the authorities of the city of Belton to require of the contractor a bond for the protection of those who furnished labor and material for the construction of the bridges, and the contract should not have been awarded without such bond. But it was. The presumption that public officers do their duty prevails in the absence of proof, and not against it. The law did not require appellant to execute such a bond, or any bond, unless it voluntarily chose to do so. It cannot be held to a liability that it did not assume, simply for the reason that it was the duty of the public authorities to have demanded of the contractor a bond covering such liability. Whether or not appellant would have signed such a bond, had it been requested to do so, we have no means of knowing; but we do know, from the record herein, that it did not do so.

The bond herein sued on is not the statutory bond required by the articles of the statute above referred to, and the obligor therein is liable on the same only as common-law obligation. Jacobs v. Daugherty, 78 Tex. 682, 15 S. W. 160; Bank v. Hazard, 73 Tex. 542, 11 S. W. 626; Reid v. Fernandez, 52 Tex. 379; Jones v. Hays, 27 Tex. 1; Marshall v. Bailey, 27 Tex. 686; Johnson v. Erskine, 9 Tex. 1; Hanks v. Horton, 5 Tex. 103; Hillman v. Mayher, 38 Tex. Civ. App. 377, 85 S. W. 818; Mariany v. Lemaire, 83 S. W. 215.

For the reason stated, the judgment of the trial court against appellant is reversed, and here rendered for appellant. In all other respects the judgment is affirmed.

Reversed and rendered in part, and in part affirmed.

### Correction of Findings of Fact and Judgment.

This court having discovered an error in the findings of fact in the opinion heretofore rendered herein, in that it does not correctly state the judgment of the trial court, the same is here now on our own motion corrected, so as to show that judgment was rendered by the trial court against the contractor for the amount alleged to be due, and against appellant in favor of R. L. Henderson, receiver, for $155.55, in favor of the Trussed Concrete Steel Company for $1,644.67, and in favor of Trinity Portland Cement Company for $2,384.78.

The judgment is here now reformed, so as to show that the judgment of the trial court, in so far as it was against appellant, is reversed and rendered in favor of appellant, but in all other respects it is affirmed.