## FLEMING-STITZER ROAD BLDG. CO. v. BOYETT. (No. 1485.)

(Court of Civil Appeals of Texas. El Paso. May 17, 1923. Rehearing Denied June 14, 1923.)

1. **Highways** ⟐113(4)—No liability for labor employed by subcontractor.

Where assignee of claims for labor rendered for subcontractor on a road construction contract sued the general road contractors upon such claims, such suit not being based on R. S. art. 6394g and defendants' contract with the county, or upon article 6394f and defendants' bond, but on the contract with the subcontractor as agent of defendants, no recovery could be had, where the evidence showed the subcontractor was an independent contractor.

On Motion for Rehearing and to Certify.

2. **Judgment** ⟐250—Recovery must be on cause pleaded.

Recovery cannot be had on a cause of action not alleged in the pleadings, however well it may be supported by proof.

3. **Courts** ⟐247(6)—Where jurisdiction final, dissent does not require certification.

In a case where the jurisdiction of the Court of Civil Appeals is final, filing dissent does not require certification.

Harper, C. J., dissenting.

Appeal from Eastland County Court at Law; J. H. Jones, Judge.

Action by E. H. Boyett against W. R. Fleming and others, doing business under the firm name of the Fleming-Stitzer Road Building Company. From judgment for plaintiff, defendants appeal. Reversed and remanded.

Conner & McRae, of Eastland, for appellants.

Grisham Bros., of Eastland, and P. T. Hamilton, of Carbon, for appellee.

WALTHALL, J. E. H. Boyett brought this suit against W. R. Fleming, G. A. Davisson, Frank R. Stitzer, and Saunders Gregg, doing business under the firm name of Fleming-Stitzer Road Building Company, to recover the sum of $793.45.

It is alleged, in substance, that Boyett is the owner, for valuable consideration paid, of certain labor claims and accounts of various parties, duly itemized, attached to and

made a part of his petition by exhibit, and in the aggregate the amount stated. It is alleged that the labor was performed by said parties for the defendants at their request and as directed by defendants, the latter acting by and through their agents and employees, Wheeler & Wright, stating the time to be in June and July, 1920; that the labor performed was in constructing public highways in Eastland county; that defendants were under contract with Eastland county to construct the said public highways, and had contracted to pay for all labor performed in such road construction work, and had agreed to supervise and direct said work according to specific plans and specifications; and that in the construction work Wheeler & Wright were acting as subcontractors, agents, and employees of defendants; that Wheeler & Wright are insolvent and now reside outside this state. It is further alleged:

"That defendants, their agents and employees, represented to plaintiff that they had a contract with the said Wheeler & Wright in which the defendants reserved the right and had assumed the duty of paying said laborers, and plaintiff alleges that said defendants did pay divers and sundry laborers for same character of work; that plaintiff had knowledge thereof at the time he purchased the labor claims in question and paid full face value therefor; and that this plaintiff was induced by said representations and conduct on the part of the defendants, their agents, and employees to make said purchase in due course of business, and before the maturity of said claims."

Defendants answered by general and special exceptions, general denial, and special denial, except as admitted. Defendants admit and allege that, on and prior to the dates of the labor claims sued on, they were under contract with Eastland county to construct a system of highways in said county; that they entered into a written contract with L. J. Wright & Co., wherein and whereby said L. J. Wright & Co. undertook the construction of a part of said highways for a consideration therein stated; that, by the terms of said contract, L. J. Wright & Co., became and were independent contractors in so far as defendants were concerned, and occupied no other relation to defendants; denied that L. J. Wright & Co. were their agents or representatives, either in the employment of labor or in the obligation to pay same, but acted upon their own responsibility; allege full payment to Wright & Co. prior to any notice of said labor claims. To the answer of defendants, plaintiff filed a general exception and general denial.

The case was tried before the court without a jury, and, on the evidence heard, entered judgment for plaintiff for the amount sued for, interest and costs. Defendants prosecute this appeal.

## Opinion.

The court filed no findings of fact. The facts are, substantially, as follows:

[1] Appellant, Boyett, is the owner by purchase of the several labor claims and accounts for which the suit is brought, aggregating the amount for which judgment was rendered. The accounts represent the amounts due the laborers for labor on the Eastland County highways, the accounts approved by L. J. Wright & Co., and paid by Boyett to the laborers at the request of L. J. Wright & Co. At the time Boyett paid the laborers appellants were paying other laborers on this work and Boyett was advised (the record does not disclose by whom) that appellants would repay him at once. They have never done so. Demand was made and payment refused on the ground that the claims should have been presented within 30 days. Appellants (through their bookkeeper) claimed that Wright & Co. should pay the claims, but made no claim at time of demand that appellants had paid Wright & Co.

It was admitted on the trial by appellants that the several laborers, named in the accounts, performed the work, to the amounts stated, for L. J. Wright & Co., and that appellants had a contract with Eastland county for the construction of a system of roads in that county. The parts of the subcontract between appellants and Wright & Co. which bear upon the issues here are as follows:

"Whereas, the Fleming-Stitzer Road Building Company has been awarded the contract for the construction and building of the public road system of Eastland county, Texas, and has sublet the portions thereof hereinafter indicated to the above named subcontractors (L. J. Wright & Co.). It is therefore mutually contracted and agreed: 1st, That said subcontractors shall and will do and perform the duties and the work upon projects and portions of projects covered by said contract of the Fleming-Stitzer Road Building Company with the county of Eastland, Texas, described as follows: (The portion is here indicated.)

"The construction and the work to be done by said subcontractors on said portions of the public road system of Eastland county, Texas, to be done and performed in all respects as is required and provided for in the contract between the Fleming & Stitzer Road Building Company and the county of Eastland, Texas; said projects and stations hereinabove referred to are indicated and set forth in blueprint maps now in the hands and possession of the engineer for the county of Eastland, Texas, and the mode and manner for the performance of the work herein contracted to be performed is shown and described in said contract between the Fleming & Stitzer Road Building Company and the county of Eastland, Texas, now on file with the county engineer of Eastland county, to which contract and map reference is here made for greater certainty; the said subcontractors hereby agree and contract that all work done hereinafter shall be done and performed in full compliance with the

plans and specifications contained in said contract between the Fleming & Stitzer Road Building Company and the county of Eastland, Texas, which said contract forms a part hereof and is here referred to and made a part hereof."

(2) "The subcontractors will excavate the soil, earth and other materials and place same in accordance with the instructions, directions and demands of the county engineer of Eastland county, Texas, or his representative, and in conformity and in compliance with said contract between the Fleming-Stitzer Road Building Company and the county of Eastland, Texas. and will do and perform said work at the following prices, to wit: (Here follow prices.) It is further agreed that all brush, limbs and materials not suitable for posts shall be burned upon the right of way."

(3) "The subcontractors shall furnish at their own expense all labor, equipment, tools and implements that may be necessary for the completion of this contract, and any incidentals which the county engineer or his representative shall deem necessary in order to properly perform the work prescribed hereunder."

(6) "All work, labor, services, excavations and embankments done, had, made or performed hereunder by said subcontractors shall be subject to the approval of the county engineer or his representative, and in case same does not meet with such approval, shall be reformed, rectified, rebuilt, added to or reduced in such manner as said engineer or his representative may demand so as to comply with the engineer's interpretation of the primary contract between the Fleming & Stitzer Road Building Company and the county of Eastland, as to the portion of the public road system of Eastland county, Texas, covered by this contract."

(7) "The subcontractors shall provide compensation insurance for the protection of their employees as required by law of an employer of three or more employees, such as will relieve the Fleming & Stitzer Road Building Company and the county of Eastland of all liability for any and all accidents that may arise during the performance of the work covered by this contract; in case said subcontractors fail or neglect, upon the commencing of work hereunder to immediately provide adequate compensation insurance for protection of employees, as by law provided, then, and in that case the said Fleming & Stitzer Road Building Company shall have the right to provide said insurance and deduct from any money that may be due or to become due to said subcontractors, any and all premiums paid by them for and on account of said insurance."

A portion of the ninth subdivision reads:

"The Fleming-Stitzer Road Building Company further reserves the right to pay said labor direct by paying each individual in person whenever they may deem it necessary. After such payment of labor shall have been made as aforesaid, and all other authorized and legal deductions in money shall have been deducted from the money due the said subcontractors, said sum or sums so paid shall be charged to the account of said subcontractors, and the residue or remainder of any money (if any there shall be) arising out of said work done and performed upon the project" was to be paid to the subcontractors.

The contract further reserved the right in appellants to retain and hold any and all money due, or to become due, Wright & Co. arising out of the work performed by them until the project had been completed and accepted.

The undisputed evidence shows that Wright & Co. employed their own laborers, paid and discharged them without reference to appellants; that appellants did not exercise any control over the actions of Wright & Co., but paid them on estimates as allowed by the county when the work was properly done.

The evidence does not show that appellants themselves promised appellee to pay the labor accounts, unless it should be held that Wright & Co. were the servants, agents or representatives of appellants by reason of their subcontract. Nor does it appear that appellants exercised the right given them under the contract to retain and hold out of the work performed any money due Wright & Co. for the purpose of paying any of the accounts sued on.

The contentions made by appellee in his brief are that Wright & Co. are not independent contractors, and that appellants, being the original contractors with the county to perform the public work, are liable for the labor done, as a matter of law.

The contention made by appellants under their one proposition is that the undisputed testimony shows that Wright & Co. were independent contractors under appellants, and that appellants had paid Wright & Co. in full for all work done under their contract, and for reasons stated were not liable.

The appellees invoke articles of the statute which read:

Article 6394f, Vernon's Sayles' Texas Civil Statutes:

"That any person or persons * * * entering into a formal contract with this state or its counties * * * for the construction of any * * * public work, shall be required, before commencing such work, to execute the usual penal bond, with good and sufficient sureties, with the additional obligation that such contractor or contractors shall promptly make payments to all persons supplying him or them with labor and materials in the prosecution of the work provided for in such contract; and any person, company, or corporation who has furnished labor * * * and payment for which has not been made, shall have the right to intervene and be made a party to any action instituted by the state or any municipality on the bond of the contractor, and to have their rights and claims adjudicated in such action and judgment rendered thereon, subject, however, to the priority of the claims and judgment of the state or municipality. * * *"

Article 6394g:

"If no suit should be brought by the state or municipality within six months from the completion and final settlement of said contract, then the person or persons supplying the contractor with labor and materials shall, upon application therefor, and furnishing affidavit to the state or municipality that labor or materials for the prosecution of such work has been supplied by him or them, and payment for which has not been made, be furnished with a certified copy of said contract and bond, upon which he or they shall have a right of action for his or their use and benefit, against said contractor and his surety, and to prosecute the same to final judgment and execution."

The record is silent as to whether the county has taken any action in the matter of its contract with appellants.

In this case appellee's suit is not brought upon appellants' contract with the county, nor upon appellants' bond; nor does the petition allege that appellants had entered into a contract with the county or given bond to construct its public roads; nor does the evidence show either such contract or bond. The petition refers to a contract between the various laborers and the appellants acting by and through Wright & Co., and rests the right of appellee to recover for the labor accounts upon the statement that Wright & Co. were the agents, employees, or representatives of appellants, and that as such agents or employees they employed the laborers for appellants to perform the labor for which the suit is brought. The contract between appellants and Wright & Co. and the uncontroverted evidence as to how the work under the contract was to be done, and under whose direction it was to be done, disclose that Wright & Co. were independent subcontractors under appellants to do the portion of the work contracted by them to be done, and at their own expense, and subject to the approval of the county engineer, and his interpretation of the primary contract. Wright & Co. were to furnish indemnity bond to appellants, conditioned that they would well and truly perform the work covered by their contract and in accordance with the primary contract, and for which service Wright & Co. were to receive their pay from appellants as the primary contractors with the county for all the work.

Subcontractors, or independent contractors, are not necessarily the servants or agents of the principal contractors. If Wright & Co. were independent contractors in the sense that appellants had no right of control as to the manner in which the work on Wright & Co.'s portion was to be done, then Wright & Co. would not be the servants or agents of appellants by reason of their subcontract; and the laborers having been employed by Wright & Co., and under their personal direction and control, could not recover against

appellants. Wallace v. Southern Cotton Oil Co., 91 Tex. 18, 40 S. W. 399.

The question presented here, as we view it, is not what might have been the liability of appellants under the statutes as contractors with Eastland county to build its public road system, had the suit been brought on appellants' contract and bond with the county. The suit is brought independent of the statutes, and independent of appellants' contract and bond. If appellee is to recover on his suit as brought, it must be based on evidence that Wright & Co. were the servants, agents, or employees of appellants, and as such were authorized to employ the laborers for appellants; that they did so employ them; and that the service was performed as employees of appellants, under their direction and control.

We have concluded from the evidence that Wright & Co. were not the servants or agents of appellants in the prosecution of the work undertaken by them, but were independent contractors, and, in the prosecution of the work undertaken by them, directed and controlled their own labor.

For reasons stated, the case is reversed and remanded.

HARPER, C. J. (dissenting). I am of the opinion that appellee's counter proposition is the law of this case:

"The defense of 'independent contractor' does not apply to work done or material furnished under contracts for public work for the state, county or municipality."

The statute quoted in the majority opinion has the effect to make the original contractors primarily liable. The record does not disclose whether the bond required by this statute was executed or not, but it being mandatory it will be presumed that the officials of the county did their duty in the absence of proof. Lion Bonding Co. v. Trussed Con. Steel Co. (Tex. Civ. App.) 204 S. W. 1176. Jones on Evidence, vol. 1, § 46, p. 232.

Since, for the purpose of the principal involved, the bond has been executed, the defendants, being original contractors, may be sued without joining the sureties, and without mentioning the bond.

If defendants had a defense provided by this act, they should plead and prove it. Fennell v. Portland Cement Co. (Tex. Civ. App.) 209 S. W. 796.

Since no lien can attach, contractors are put upon notice by this act that they are primarily liable to materialmen and laborers, and should not be permitted to dodge liability by hiding behind independent irresponsible subcontractors.

On Motion for Rehearing and to Certify.

HIGGINS, J. Appellee seems to misunderstand the basis of the ruling by the majority in this case.

It is not our intention to hold that an original contractor, for the construction of a public building or work, cannot be held liable upon his bond to persons laboring for or furnishing material to an independent subcontractor. Upon the contrary, we think that under proper pleadings and evidence the original contractor may be so held by virtue of articles 6394f et seq. Vernon's Sayles' Revised Statutes. Fennell v. Portland Cement Co. (Tex. Civ. App,) 209 S. W. 796; Mankin v. U. S., 215 U. S. 533, 30 Sup. Ct. 174, 54 L. Ed. 315. There is no disagreement between the majority and the Chief Justice upon that proposition.

[2] The trouble with the appellee's case is that the pleadings will not support a recovery upon that theory. He sought to recover upon an entirely different theory as is pointed out in the original opinion. It is elementary "that a recovery cannot be had on a cause of action not alleged in the pleadings, however well it may be supported by proof." Middlebrook Bros. v. Zapp, 73 Tex. 29, 10 S. W. 732. In the opinion of the majority the pleadings in this case are wholly insufficient to support a judgment based upon article 6394f et seq.

[3] So far as the motion to certify is concerned it is overruled because: First, it is not in conflict with the cases relied upon by appellee; second, the jurisdiction of this court being final, the dissent filed does not require certification. Herf v. James, 86 Tex. 230, 24 S. W. 396; Sellers v. Puckett (Tex. Civ. ? p.) 180 S. W. 639; Kidd v. Rainey, 95 Tex. 553, 68 S. W. 507.

Both motions are overruled.