**ROYAL INDEMNITY CO. v. GOODBAR & PAGE et al.**

No. 7353.

Court of Civil Appeals of Texas. Austin.

April 17, 1929.

Rehearing Denied April 27, 1932.

Turner, Rodgers & Winn, of Dallas, for appellant.

W. B. Handley, of Dallas, for appellee Rogers Asbestos Company, Inc.

Geo. H. Griffin and R. L. Sullivan, both of Dallas, for appellee Huttig Sash & Door Co.

BLAIR, J.

Goodbar & Page, a copartnership composed of J. H. Goodbar and F. E. Page, contracted to construct a school building for the Trinidad independent school district, and executed the bond required by article 5160, R. S. 1925, providing for payment of all labor and material used in the construction of the building, with appellant Royal Indemnity Company as surety. The building was completed and accepted, but at the time there were several unpaid claims for labor and material. Thereafter, and in compliance with the provisions of articles 5160 to 5164, R. S. 1925, appellee Austin Brothers, a claimant for material supplied in the construction of the building, filed this suit in the district court of Dallas county, against the partnership of Goodbar & Page, the partners individually, the Trinidad independent school district, and Royal Indemnity Company, as surety, on the bond, to recover for the material furnished and on the bond. Thereafter several materialmen brought similar suits in the same court, which on motions of the school district and other claimants were ordered consolidated with this suit, and, after other claimants had intervened, the case was tried as one suit to the court without a jury. The trial resulted in judgment for appellee Austin Brothers, and for each intervener claimant for the amount of their respective claims against the partnership Goodbar & Page, and each partner, individually, and against Royal Indemnity Company, as surety on the bond. Judgment was rendered for Royal Indemnity Company over against Goodbar & Page and each partner individually for the total of all claims for labor and material in suit, except that of appellee Huttig Sash & Door Company. Appellee school district tendered into court as balance due on the contract the sum of $479.62, of which $75 was allowed the school district for attorney's fees incurred in answering this suit, and the balance was divided proportionally between appellees Rogers Asbestos Company and Huttig Sash & Door Company. Royal Indemnity Company alone has appealed.

 Appellant first contends that as surety it was entitled to priority by equitable subrogation to all funds of its principal tendered into court by the school district. This proposition seems to be predicated upon the fact that the trial court rendered judgment in favor of the two last-named appellees against appellant for the full amount of their respective claims, and also decreed a specified sum to each of them out of the funds deposited in the registry of the court by the school district without further providing that such sum be applied as a credit on the judgment in favor of these appellees against Goodbar & Page and appellant. If the judgment is ambiguous in this respect, it is not so when viewed in the light of the pleadings and other proceedings leading up to the judgment, which clearly show that it was intended that the sum to be paid out of the funds deposited in the registry of the court should be applied as a credit on the judgment in favor of these appellees. The omission in this respect seems immaterial, in view of the rule that the pleadings and other proceedings may be looked to to throw light upon the effect and meaning of the judgment. Richardson v. Trout (Tex. Civ. App.) 135 S. W. 677; McCoy v. Tex. Power & Light Co. (Tex. Com. App.) 239 S. W. 1105; Houston Oil Co. v. Village Mills Co. (Tex. Com. App.) 241 S. W. 122; Prince v. Frost-Johnson Lbr. Co. (Tex. Civ. App.) 250 S. W. 785.

Appellant further contends that it was relieved from liability in toto and pro tanto to the extent of certain assets which the two appellees last named had by their acts and suits rendered unavailable to it. Absent specific findings of fact and conclusions of law, and under the pleadings and evidence, it will be presumed that the trial court found and concluded that neither of these appellees received or obtained by suit or otherwise any assets of Goodbar & Page to which appellant would have been entitled to as security for its suretyship obligation. And in reference to appellee Rogers Asbestos Company, its pleadings and evidence will also support a finding and conclusion of the trial court that its acts and suit seeking to collect the claim herein asserted from Goodbar & Page were induced and agreed to by appellant; and that appellant was thereafter estopped to rely thereon for exoneration or discharge of its liability on the bond.

Appellant further contends with reference to the claim of Rogers Asbestos Company that it was an independent contractor in relation to Goodbar & Page, the original contractors, and for that reason not within the class benefited by the statute, and not entitled to recover on the bond. The case of Fleming-Stitzer Road Bldg. Co. v. Boyett (Tex. Civ. App.) 253 S. W. 561, 565, is cited in support of this contention, but it does not do so. In that case the assignee of certain claims for labor rendered for a subcontractor on a road construction contract sued the general contractor, al-

leging that the subcontractor was the agent of the general contractor. The suit was not based upon the statutes here involved; nor on the original contractor's contract with the county; nor on these statutes and the general contractor's bond. And on motion for rehearing in that case the court held as follows:

"It is not our intention to hold that an original contractor, for the construction of a public building or work, cannot be held liable upon his bond to persons laboring for or furnishing material to an independent subcontractor. Upon the contrary, we think that under proper pleadings and evidence the original contractor may be so held by virtue of articles 6394f et seq. Vernon's Sayles' Revised Statutes. Fennell v. Portland Cement Co. (Tex. Civ. App.) 209 S. W. 796; Mankin v. U. S., 215 U. S. 533, 30 S. Ct. 174, 54 L. Ed. 315. There is no disagreement between the majority and the Chief Justice upon that proposition.

"The trouble with the appellee's case is that the pleadings will not support a recovery upon that theory. He sought to recover upon an entirely different theory as is pointed out in the original opinion."

■ The cases cited in the quotation are in line with the holding in the main case. The statute provides that the bond executed shall cover all labor and material furnished by "any person, company, or corporation," and "used in the construction or repair of any public building," and is broad enough to include labor and material furnished by an independent subcontractor.

■ Lastly appellant contends that the judgment in favor of appellee Huttig Sash & Door Company against it as surety on the bond is void because a judgment cannot be rendered against a surety without legal service of citation on the principal in absence of the statutory allegations of unknown whereabouts or insolvency of the principal. The proposition may be legally good, but it has no application to this case. This suit of Austin Brothers v. Goodbar & Page et al. was filed in compliance with the statutes above cited, and in which suit the principals and the surety on the bond were legally served with citation. Notice of the pendency of this suit was duly published, as required by article 5164. After the publication of the lis pendens notice it became appellee's duty, under provision of article 5162, to intervene and file its "claim in such action and be made party thereto within one year from the completion of the work under said contractor and not later." The effect of the order consolidating appellee's suit with this one was to make appellee an intervener on its claim in compliance with these statutes. The trial court held that the citation in the original case and the notice of the pendency of that suit, as required by statute, were sufficient both as to all the original parties and all intervening or impleaded claimants. We sustain the trial court.

Under the statutes involved, only one suit can be filed by a creditor or creditors on the bond, and all other creditors may be cited by publishing a lis pendens notice of the suit, and without any other citation or notice such creditors must file their interventions within the time prescribed, and have their claims adjudicated, otherwise their claims are barred. We therefore conclude that, if the principals and sureties on a bond of this character, and for whose benefit these statutes were primarily enacted, can cite all creditors by publishing notice of the pendency of the suit of one creditor on the bond, and bar any creditor's claim who fails to intervene within the time prescribed on such notice, then, certainly, the principals and sureties on the bond will be required to take notice of the filing of such creditors' claims, in the suit out of which the lis pendens notice issued, and in which they have been legally cited. Appellant's position cannot be sustained. Appellant would have been entitled to judgment over against its principals for the amount of this claim, but, since it apparently prevented the court from rendering such a judgment, it has no right to complain here.

We find no error in the judgment, and it is affirmed.

Affirmed.

### On Motion for Rehearing.

Action on the motion for rehearing has been withheld pending a decision of the Supreme Court in the case of Employers' Casualty Company v. Rockwall County, 35 S.W. (2d) 690, in which case the Court of Civil Appeals (300 S. W. 148) had held that claimants or creditors intervening in a statutory suit on a public contract bond need not obtain service of citation of the filing of the claim or plea of intervention on the bond principals and sureties. We made the same holding in the instant case. The Supreme Court did not find it necessary to pass upon the specific question raised; but it did not disturb the decision of the Court of Civil Appeals on the question. Our view upon the question has not changed, and the motion will be overruled.

Motion overruled.