## MANKIN *v.* UNITED STATES FOR THE USE OF LUDOWICI–CELADON COMPANY.

### ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 167. Submitted January 7, 1910.—Decided January 17, 1910.

Under the labor and material law of February 24, 1905, c. 778, 33 Stat. 811, amending the act of August 13, 1894, c. 280, 28 Stat. 278, indemnity is provided for persons furnishing labor and materials to a subcontractor as well as to the contractor in chief for the construction of a public building.

The indemnity extends to the full amount furnished notwithstanding the contractor may have already paid the subcontractor in full or

in part. Provisions in state statutes, limiting recovery against contractor to amount remaining unpaid to subcontractor, do not affect suits under the Federal statute which contains no such provisions. The decision in *Hill* v. *American Surety Co.*, 200 U. S. 197, in regard to claims against subcontractors under the act of 1894, followed as to such claims under the statute as amended in 1905.
158 Fed. Rep. 1021, affirmed.

THE facts, which involve the construction of the Federal labor and material act of February 24, 1905, c. 778, 33 Stat. 811, are stated in the opinion.

*Mr. C. V. Meredith, Mr. J. Jordan Leake, Mr. T. C. Catchings* and *Mr. O. W. Catchings* for plaintiff in error:

The statute must be strictly construed as a mechanic's lien statute and as such does not, as amended in 1905, inure to the benefit of subcontractors. The act as amended differs in this respect from the statute as construed in *Hill* v. *Am. Surety Co.*, 200 U. S. 197. No matter how meritorious his service the statute does not protect one who is not clearly within it. Phillips on Mech. Liens, 2d ed., §§ 36, 47 *et seq.; Wood* v. *Donaldson*, 17 Wend. 550; *Donaldson* v. *Wood*, 22 Wend. 395; Boisot, Mech. Liens, §§ 246 *et seq.; McGuire* v. *Ohio R. R. Co.*, 33 W. Va. 63.

Under the statute as amended the contractor and surety company are not and should not be required to pay twice, and the material men are only entitled to recover the amount remaining unpaid to the subcontractor which in this case is for less than the amounts claimed by the material men and awarded by the court below.

Where the owner is compelled to pay twice the statute is highly penal and must be construed strictly against one seeking that result. *West Lumber Co.* v. *Knapp*, 122 California, 81; *Hampton* v. *Christenson*, 84 Pac. Rep. 200; *Alderman* v. *Hartford Co.*, 66 Connecticut, 47; *Nixon* v. *Cydon Lodge*, 56 Kansas, 298; *Dunn* v. *Rankin*, 27 Ohio, 132; *Morrison* v. *Whaley*, 16 R. I. 715.

The New Jersey statute has been construed as not requiring payment beyond the amount due the subcontractor. *Garrison* v. *Borio,* 47 Atl. Rep. 1060; and see also as to New York rule, *Brainard* v. *Kings County,* 84 Hun, 290, aff'd 155 N. Y. 538; Phillips, Mech. Liens, 2d ed., § 61, citing *Renton* v. *Conley,* 49 California, 188, and *McKnight* v. *Washington,* 8 W. Va. 666; *Stout* v. *Golden,* 9 W. Va. 231; *McIntire* v. *Barnes,* 4 Colorado, 288; Boisot, Mech. Liens, § 255; *Wadsworth* v. *Hodge,* 88 Alabama, 500.

If the rule were otherwise a contractor might have to pay those supplying materials to the subcontractor more than he agreed to pay the subcontractor himself. *McMurray* v. *Brown,* 91 U. S. 256, 266; *Hunler* v. *Truckee Lodge,* 14 Nebraska, 24, 41; *Fullerton Lumber Co.* v. *Osborn,* 72 Iowa, 472; *Wolf* v. *Penna. R. R. Co.,* 29 Pa. Sup. Ct. 439; *Knelly* v. *Howarth,* 208 Pa. St. 487; *Mullikeir* v. *Harrison,* 44 S. E. Rep. 426; *Gridley* v. *Sumner,* 43 Connecticut, 14; *Lumber Co.* v. *Smith,* 35 So. Rep. 693; *Merriott* v. *Crane Co.,* 126 Ill. App. 337, 343; *Am. Surety Co.* v. *United States,* 127 Alabama, 349; *General Supply Co.* v. *Hunn,* 126 Georgia, 615; *Vandenberg* v. *Walton,* 92 Pac. Rep. 149; see Digest of laws of various States in Alexander's Lien Laws; Southeastern States, Alabama, p. 35; Florida, p. 114; Mississippi, p. 435; North Carolina, p. 474; South Carolina, p. 525; Virginia, p. 694.

*Mr. C. H. Alexander, Mr. W. C. Bowman, Mr. Richard F. Reed* and *Mr. Gerard Brandon* for defendants in error.

Mr. Justice Day delivered the opinion of the court.

This is a writ of error to the Circuit Court of Appeals for the Fifth Circuit, wherein a judgment of the Circuit Court of the United States for the Southern District of Mississippi in favor of the defendants in error was affirmed. The facts are: The Mankin Construction Company on February 27, 1905, entered into a contract with the Secretary of the Treasury for the con-

struction of a certain post-office building in the city of Natchez, Mississippi, and gave bond under the act of February 24, 1905, (33 Stat. 811, c. 778), amending the act of August 13, 1894, (28 Stat. 278, c. 280). This bond was conditioned that the Mankin Construction Company should "promptly make payment to all persons supplying them labor or materials in the prosecution of the work contemplated by said contract." Upon this bond the Title, Guaranty & Trust Company of Scranton, Pa., was surety.

The Mankin Construction Company on April 29, 1905, entered into a written contract with one W. E. Smythe as subcontractor, by the terms of which Smythe agreed to furnish certain plumbing, gasfitting, sheet-metal, tile roofing, etc., to be used in the construction and erection of the post-office building. The building was completed about July 12, 1906, was accepted by the Government, and payment therefor was made to the Mankin Construction Company in accordance with the terms of the contract.

The defendants in error, the Ludowici-Celadon Company, the Nelson Manufacturing Company, and the J. L. Mott Iron Works, respectively, sold and delivered to Smythe, the subcontractor, certain materials which he used in the construction of the post-office building, as required by the original contract. Smythe failed to make full payment on account of such purchases, and no suit having been brought by the United States under the act of Congress (33 Stat. 811), within six months, affidavit was made by the Ludowici-Celadon Company that it had supplied labor and material for the prosecution of the work of constructing the post-office building; and it was furnished with a copy of the contract and bond, as required by the act, and thereupon instituted suit in the name of the United States in the United States Circuit Court for the Southern District of Mississippi against the Mankin Construction Company and its surety.

The Nelson Manufacturing Company and the J. L. Mott Iron Works intervened in the action, and claimed the right

also to recover on account of the materials furnished by them respectively. There was a judgment upon the bond in favor of the claimants. It also appears that the Mankin Construction Company had paid Smythe, the subcontractor, the amount due him under the contract, less $644.57, before receiving any notice from either of the claimants of their respective claims against Smythe. The judgment upon the bond was in favor of the United States for the use of the Ludowici-Celadon Company in the sum of $1,217.78, for the use of the Mott Iron Works in the sum of $709.97, for the use of the Nelson Manufacturing Company in the sum of $2,129.47. The amount due upon the accounts not being disputed, the court instructed the jury to find for the claimants.

Upon writ of error to the Circuit Court of Appeals for the Fifth Circuit that court affirmed the judgment of the Circuit Court upon the authority of *Hill* v. *The American Surety Co.*, 200 U. S. 197. In the *Hill case* this court held that one who furnished labor or materials in the carrying out of a contract for public works, although such materials were furnished to a subcontractor, to whom a part of the work had been let, could recover upon a bond given under the act of August 13, 1894 (28 Stat. 278, c. 280). In the *Hill case* it was held that, construing the bond in the light of the statute, and the purpose of Congress to provide security for payment for labor and material going into the construction of a public building, it was intended thereby to provide indemnity for a person or persons who furnished labor or materials to the subcontractor, thereby enabling the contractor to meet his engagement to supply the material and labor necessary to the construction of a public building.

The present action accrued after the passage of the statute of February 24, 1905, amending the act of August 13, 1894, in which original act a right of action was given in the name of the United States for the use and benefit of the persons supplying the labor or materials in the prosecution of the work provided for in the contract, and requiring a bond for the benefit

of such persons. In that act there was no limitation upon the number of actions which might be brought, nor was there any preference given to the United States in a recovery upon the bond. In the amended act a single action was provided for, and priority was given to the claim and judgment of the United States. In such suit any person or company who had furnished labor or material used in the construction or repair of any public building was allowed to intervene in the suit by the United States on the bond, and to have their rights and claims adjudicated; and it was further provided that if no suit . should be brought by the United States within six months of the completion and final settlement of the contract then the person or persons supplying the labor or materials should, upon filing an affidavit in the Department under the direction . of which the work had been done, or the materials furnished, be furnished with a certified copy of the contract and bond, and might thereupon bring an action in the name of the United States in the Circuit Court of the United States in the district where the contract was performed and executed. There are other provisions looking to the distribution of the recovery upon the bond, and providing for bringing all creditors into the single suit which is authorized to be instituted.

In respect to the condition of the bond required to be given, the language of the amended act is precisely the same as that contained in the act of August 13, 1894, and the condition is that "such contractor or contractors shall promptly make payments to all persons supplying him or them with labor and materials in the prosecution of the work provided for in such contract."

It is the contention of the plaintiff in error that the act of February 24, 1905, differs from the act of August 13, 1894, in that a copy of the contract and bond is to be furnished for the purpose of suit to the "person or persons supplying the con- tractor with labor and materials," and upon furnishing an affidavit to the Department under whose direction the work has been prosecuted, that the labor and materials for the

prosecution of said work has been supplied, but payment for which has not been made, whereas, in the act of August 13, 1894, it is provided that any person or persons making an application therefor, and furnishing an affidavit to the Department that the labor and materials for the prosecution of such work had been supplied by him or them, payment for which had not been made, shall have a certified copy of the contract and bond for the purpose of bringing suit thereon.

In both statutes a copy of the contract and bond is to be furnished upon an affidavit that labor and materials for the prosecution of the work has been supplied by the persons applying for such copy. In the amended statute it is provided that if the action is not instituted by the United States within six months, then the person or persons supplying the contractor with labor and materials, and furnishing the affidavit that the same were supplied for the prosecution of such work, shall have a certified copy of the contract and bond for the purposes of the suit. The additional phrase used in this connection, "the person or persons supplying the contractor with labor and materials," it is contended, shows that only those who furnish labor and materials directly to the contractor come within the benefit of the act. We cannot agree with this contention. The phrase, "person or persons supplying the contractor with labor and materials," are the words embodied in both statutes alike in the requirement of a bond for their benefit. In the *Hill case* it was distinctly held that "persons supplying the contractor with labor and materials" included not only the subcontractor, but any one who furnished labor and materials to the subcontractor for carrying out the work contracted for. There is nothing in the provision as to who shall have a copy of the bond for the purpose of suit which changes or limits the obligation of the bond under identical requirements in both statutes, alike embracing, as construed in the *Hill case*, persons furnishing labor and materials to a subcontractor.

As to the other point, that the Mankin Construction Com-

pany had paid to Smythe, the subcontractor, the amount due him, except the sum of $644.57, before receiving notice of the claims of the outstanding debts recovered in this case, there is no provision in the statute that notice shall be given to the contractor of claims against the subcontractor and limiting the recovery to the amount unpaid at the time of such notice. Such provision is found in some of the state statutes, and is made a condition of recovery in some of the mechanics' lien acts; but this case is controlled by the Federal act under consideration and the obligation of the bond, which requires payment to all persons supplying labor and material in the prosecution of the work contemplated by the contract.

As was said in the *Hill case*, the contractor can protect himself by requiring a bond securing him against liability on account of engagements of the subcontractor with persons who furnish labor and material upon his order. Indeed, the present contract contained, as the record shows, a provision that the general contractor reserved the right to require a full release from all claims for which he had become liable for materials furnished to, or work done for, the subcontractor, on account of materials and work required by the contract, with the right to withhold any amount due to the subcontractor until such release should be furnished.

We agree with the Circuit Court of Appeals that this case is ruled by the decision made in *Hill* v. *American Surety Company, supra*. The judgment of the Circuit Court of Appeals, affirming the judgment of the Circuit Court, is, therefore,

*Affirmed.*