UNITED STATES to USE of MILLER et al. v. MITCHELL et al. (District Court, E. D. New York. May 5, 1914.) Suit in equity by the United States, for the use of Frank Miller and others, against Edmund H. Mitchell and Henry T. Mitchell, doing business as Mitchell & Co., and the Illinois Surety Company. Assigned to equity calendar. King & Booth, of New York City, for plaintiff Miller. George W. Bristol, of New York City, for plaintiffs Hazell, Briggs, and Benvenutti. Arthur M. Allen, of Providence, R. I., and George R. Coughlan, of New York City, for plaintiff Packard Dredging Co. Carpenter & Park, of New York City, for plaintiff E. S. Belden & Sons. Nel-

son L. Keach and L. L. Kellogg, both of New York City, for defendant Illinois Surety Co.

CHATFIELD, District Judge. The result of the appeal is to establish for this circuit the proposition that an action under the statute in question should proceed as a case in equity, with practically an accounting and the presentation of claims, which are to be considered and ordered paid as they may be proven, but apportioned if the fund available be insufficient for all. Cases tried apparently as actions at law have been affirmed in the Supreme Court. Mankin v. Ludowici-Celadon Co., 215 U. S. 533, 30 Sup. Ct. 174, 54 L. Ed. 315; United States Fidelity Co. v. Bartlett, 231 U. S. 237, 34 Sup. Ct. 88, 58 L. Ed. ——. A case presenting the form of an account with appropriate decree has also been affirmed. United States ex rel. Texas P. C. Co. v. McCord and National Surety Co., 233 U. S. 157, 34 Sup. Ct. 550, 58 L. Ed. ——, decided April 6, 1914. The original opinion of this court (which has now been reversed on the appeal) was based upon its interpretation of the language of the statutes by which and according to which the cause of action is entirely given and jurisdiction conferred. "The cause of action did not exist before, and is the creature of the statute." McCord Case, supra. The Court of Appeals has not determined that this court was wrong in treating the action as purely statutory. On any other theory this court could have found no way of leaving the matter to the jury for a verdict to each claimant. Inasmuch, therefore, as the District Court is given jurisdiction to consider an action for damages, in which by petition others may join and a suit in equity thus be instituted, there seems to be no reason to hold that Congress has not the fullest authority to give the equity side of the court jurisdiction to make such a decree as may be necessary. If Congress can by a statute give the courts the right to make rules by which an action at law can be changed or transferred into a bill in equity, then the power to provide for an action on a bond, without a trial by jury (especially in the case of a bond given specially to cover just such rights as are being litigated), is not in contravention of the rights preserved for trial by jury in actions triable under the common law at the time the Constitution was adopted. Amendment 7, U. S. Constitution. See Schurmeier v. Connecticut Mut. Life Ins. Co., 171 Fed. 1, 96 C. C. A. 107. For these reasons, the cause (now restored to this court for trial and at issue more than the 60 days required by equity rule 47 [33 Sup. Ct. xxxii] without application for depositions) will be placed by the clerk upon the equity calendar under rule 56 (33 Sup. Ct. xxxv) for call.