BARTLETT & KLING et al. v. DINGS et al.

(Circuit Court of Appeals, Eighth Circuit. February 23, 1918. Rehearing Denied May 29, 1918.)

No. 4944.

1. UNITED STATES ⬤⟶67(3)—CONTRACTORS' BONDS—LIMITATIONS.
    The one-year limitations against actions on bonds required by Act Feb. 24, 1905, c. 778, 33 Stat. 811 (Comp. St. 1916, § 6923), of contractors performing work for the United States, begins to run from the time of settlement by the goverment with the contractors.

2. UNITED STATES ⬤⟶67(1)—CONTRACTORS' BONDS—LIABILITY.
    The bond required by Act Feb. 24, 1905, of contractors performing work for the United States being intended not only to secure the government, but to protect third persons who may furnish labor or materials, an agreement between the contractor and a subcontractor, freeing the former from liability to laborers employed by or to those furnishing materials to the latter, is unavailing against the claims of such persons.

3. UNITED STATES ⬤⟶67(3)—CONTRACTORS' BONDS—ACTION BY ASSIGNEE.
    The claims of laborers who performed services for a subcontractor on government work are assignable, and the assignee may recover therefor on the contractor's bond.

---

⬤⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. UNITED STATES ⬥67(1)—CONTRACTORS' BONDS—LIMITATION OF LIABILITY.

A government contractor, required to give bond under Act Feb. 24, 1905, cannot escape liability to laborers employed by a subcontractor by posting notices that it would not be responsible to employés of the subcontractor.

5. UNITED STATES ⬥67(2)—CONTRACTORS' BONDS—INTEREST—ALLOWANCE—TIME.

Interest on sums due laborers employed by a subcontractor on government work is properly allowed from the date the assignee of such claims intervened in the proceedings by other creditors against the contractor and the surety on its bond, required by Act Feb. 24, 1905.

Appeal from the District Court of the United States for the Southern District of Iowa; Martin J. Wade, Judge.

Intervention by J. F. Dings and another in a suit by the United States, for the use and benefit of the American Radiator Company, against Bartlett & Kling, a corporation, and the Fidelity & Deposit Company of Maryland, a corporation, wherein interveners set up claims against defendants. From a judgment for interveners, defendants appeal. Affirmed.

C. L. Bartlett, of Cedar Rapids, Iowa, for appellants.

Before HOOK and SMITH, Circuit Judges, and TRIEBER, District Judge.

TRIEBER, District Judge. The appellant Bartlett & Kling had entered into a contract with the United States for the erection of a public building, and executed the bond required by the act of Congress of February 24, 1905 (33 Stat. 811, c. 778 [Comp. St. 1916, § 6923]) with the Fidelity & Deposit Company as its surety. Creditors of the contractor instituted suit against it and its surety for moneys due them for materials furnished and used in the erection of the building. The contractor had sublet a part of the work on the building to J. E. Gunder & Co., who became indebted, in the course of their work, to certain laborers employed by them in the erection of the building, which claims were assigned to appellees, who filed interventions in the main proceeding, setting up these facts.

The appellant in its answer denies all the allegations of indebtedness to appellees' assignors, and if the amounts claimed to be due these workmen were due and had been assigned to appellees, they still would not be entitled to be subrogated to the rights of said laborers. For a further defense it set up that said Gunder & Co., when they became subcontractors, had executed a bond to the principal contractor, with the appellees as sureties, whereby they assumed all liability and risk up to the time of final acceptance for all work and materials furnished, and to at all times keep free and clear from all liens and claims for said work and materials. For another defense the appellant pleaded that before and during the time when these workmen were employed by Gunder & Co. and performed the labor and work, as alleged in the intervention, it had posted in conspicuous places in, on, and around said building notices that all persons working on said building must look wholly for their pay to the parties by whom they were em-

ployed, and that the employés of all subcontractors must look solely to said subcontractors for their pay, and that under no circumstances would Bartlett & Kling or any other parties be beholden to them for their pay. For further defense it set up that the work on the building had been completed prior to October, 1912, and that this intervention was not filed until October 17, 1913, more than one year after the completion of said work on the said contract.

By an amendment to the answer the appellant pleaded that the workmen, who assigned their claims to appellees, had all been paid by the subcontractors, and also pleads the fact that appellees were sureties on the bond of Gunder & Co. to hold the principal contractors harmless from all claims. There was a reply filed to these answers, in which it was alleged that the defendant Bartlett & Kling and J. E. Gunder & Co., through its receiver, had entered into a written stipulation, by which all claims of J. E. Gunder & Co., individually, against Bartlett & Kling, were compromised and settled, as well as all counterclaims of Bartlett & Kling against J. E. Gunder & Co. That among other stipulations was the following:

" 'It is understood that this settlement is without prejudice to the claim of Frank L. Root and J. F. Dings on account of the wages claimed to have been paid as shown by their petition of intervention, and also without prejudice to the claim made in the petition of intervention filed in the federal court against the Bonding Company on account of the money said to have been paid on the receiver's certificates. As part consideration hereof, Bartlett & Kling agree that to the extent of any and all liability, if any, it may be held for in the United States District Court as to the American Radiator Company, and as to the alleged creditors of J. E. Gunder & Co. and of said receiver, and as to all of the interveners in said suit in the United States District Court, it shall not in any way or court or at any time look to or hold said J. E. Gunder & Co. or its said bond, or sureties on said bond, or the receiver, liable in any way for reimbursement or indemnity on account of Bartlett & Kling or the Bonding Company having to pay any or all of said intervenors or the plaintiff therein"

—which stipulation was approved by the court, which had appointed the receiver. Upon the hearing of the cause the court found the issues in favor of the interveners, and rendered judgment for the amount claimed, with interest from the date the intervention was filed.

[1] There is nothing in the record to show when the final settlement was made by the government for the building, nor when the original suit on the bond was instituted. The one-year statute of limitations begins to run from the time of settlement by the government with the contractors. This has been conclusively determined in Illinois Surety Co. v. Peeler, 240 U. S. 214, 218, 36 Sup. Ct. 321, 60 L. Ed. 609.

[2] The claim that by reason of the contract between appellant and Gunder & Co., the subcontractors, the appellant is not liable, is untenable, and cannot affect the materialmen and laborers. The act of Congress creates a direct liability on the surety to these persons. As was held by this court in United States v. National Surety Co., 92 Fed. 549, 34 C. C. A. 526, and followed in Equitable Surety Co. v. United States, 234 U. S. 448, 34 Sup. Ct. 803, 58 L. Ed. 1394:

"The bond which is provided for by the act was intended to perform a double function—in the first place, to secure to the government, as before, the faithful performance of all obligations which a contractor might assume towards

it; and, in the second place, to protect third persons from whom the contractor obtained materials or labor."

[3] The contention that the claims of laborers are not assignable is wholly untenable. United States Fidelity Co. v. Bartlett, 231 U. S. 237, 34 Sup. Ct. 88, 58 L. Ed. 200.

[4] The posting of notices by Bartlett & Kling that it would not be responsible to the employés for its subcontractors does not release it from liability. If that were permitted, the law would be a snare and a delusion, because every contractor would avail himself of it, and deprive the materialmen and laborers of the benefits of the act.

[5] The objection to the sufficiency of the evidence is without merit. The proof clearly established that these workmen performed the work, received their time checks or labor vouchers, and the evidence shows that the amounts were justly due them, and had not been paid.

There was no error in allowing interest from the date the intervention was filed. United States v. United States Fidelity Co., 236 U. S. 512, 35 Sup. Ct. 298, 59 L. Ed. 696; Illinois Surety Co. v. John Davis Co., 244 U. S. 376, 37 Sup. Ct. 614, 61 L. Ed. 1206.

Other alleged errors presented on behalf of appellant have received consideration and are without merit.

The court below committed no error, and its judgment is affirmed.