**LANDIS & YOUNG et al. v. GOSSETT & WINN et al.**

No. 5274.

Court of Appeal of Louisiana. Second Circuit.

June 26, 1936.

Coleman & Miazza, of Shreveport, for appellants.

Hudson, Potts & Bernstein, of Monroe, for appellees.

TALIAFERRO, Judge.

Plaintiff contracted with the United States government to construct and furnish all labor and material therefor, thirteen double noncommissioned officers' headquarters at Barksdale Field, Bossier parish, La. A subcontract for painting the buildings was given to defendant, Gossett & Winn, a copartnership domiciled in Ouachita parish, La., composed of R. A. Gossett and I. Z. Winn, residents thereof, for the faithful performance of which and for payment of all labor and material bills incurred in connection therewith, a bond in favor of plaintiff was executed, with the Maryland Casualty Company as surety. Gossett & Winn defaulted under the contract and failed to complete painting said buildings within the time stipulated, and in order to escape liability for penalties under its contract with the government, plaintiff completed said subcontract, paid the labor bills incurred in doing so, and has paid or agreed to pay for some materials purchased by the subcontractor; outlays on these accounts being $1,616.43 in excess of the subcontract price.

The present suit was instituted in Ouachita parish against the subcontractor and its component members, and against the surety on its bond to recover said sum of $1,616.-43, plus 10 per cent. attorney's fees.

Gossett, individually, and the surety company filed exceptions to the court's jurisdiction, ratione materiæ, which were sustained. From a judgment dismissing the suit, plaintiff has appealed.

It is interesting to note that the present suit by plaintiff to enforce its claims against defendants is the third to be dismissed by as many courts for lack of jurisdiction ratione materiæ. The first to be dismissed 'was filed in the Twenty-Sixth judicial district court, Bossier parish, and the second one was accorded the same treatment by Judge Dawkins, of the United States District Court for the Western District of Louisiana, in a proceeding in that court, styled "United States of America ex rel. C. C. Bell Mfg. Company v. Landis & Young," plaintiff in the present suit, and its surety, Great American Indemnity Company. Plaintiff herein intervened in that proceeding, which was a concursus provoked under a law of Congress; referred to as the Heard Act (40 U.S.C.A. § 270). Notwithstanding plaintiff's intervention in the federal court was dismissed on a plea to the jurisdiction filed and urged by the Maryland Casualty Company, defendant herein, that company, but through different counsel, now urges that that court alone has jurisdiction to entertain plaintiff's case.

It is virtually conceded by appellee that but for the Heard Act, the district court of Ouachita parish, the domicile of the subcontractor partnership, would have jurisdiction of the cause. Therefore, if the Heard Act is not controlling of the question

of jurisdiction, dismissal of "plaintiff's suit was erroneous. We here quote the parts of this act (40 U.S.C.A. § 270) specially bearing upon the issues raised and discussed in briefs:

"Bonds of contractors for public buildings or works; rights of persons furnishing labor and materials. Any person or persons entering into a formal contract with the United States for the construction of any public building, or the prosecution and completion of any public work, or for repairs upon any public building or public work, shall be required, before commencing such work, to execute the usual penal bond, with good and sufficient sureties, with the additional obligation that such contractor or contractors shall promptly make payments to all persons supplying him or them with labor and materials in the prosecution of the work provided for in such contract; and any person, company, or corporation who has furnished labor or materials used in the construction or repair of any public building or public work, and payment for which has not been made, shall have the right to intervene and be made a party to any action instituted by the United States on the bond of the contractor, and to have their rights and claims adjudicated in such action and judgment rendered thereon, subject however, to the priority of the claim and judgment of the United States. * * *

"If no suit should be brought by the United States within six months from the completion and final settlement of said contract, then the person or persons supplying the contractor with labor and materials shall, upon application therefor, and furnishing affidavit to the department under the direction of which said work has been prosecuted that labor or materials for the prosecution of such work has been supplied by him or them, and payment for which has not been made, be furnished with a certified copy of said contract and bond, upon which he or they shall have a right of action, and shall be, and are hereby, authorized to bring suit in the name of the United States in the district court of the United States in the district in which said contract was to be performed and executed, irrespective of the amount in controversy in such suit, and not elsewhere, for his or their use and benefit, against said contractor and his sureties, and to prosecute the same to final judgment and execution: Provided, That where suit is instituted by any of such creditors on the bond of the contractor it shall not be commenced until after the complete performance of said contract and final settlement thereof, and shall be commenced within one year after the performance and final settlement of said contract, and not later: And provided further, That where suit is so instituted by a creditor or by creditors, only one action shall be brought, and any creditor may file his claim in such action and be made party thereto within one year from the completion of the work under said contract, and not later."

We do not think this act deprives plaintiff of the right to sue in the forum of the partnership's domicile. We are clear in the opinion that this statute does not, nor was it intended to vest in the federal courts the jurisdiction of cases wherein the facts are as they appear in the present case. The facts of a case could be such that rights of this character might be enforced in the Federal courts, but under different laws. However, in such a case, it would be optional with plaintiff whether he would resort to the proper state or federal court. It is obvious that this act only deals with and refers exclusively to contracts primarily between the government and those persons contracting with it to construct or repair public buildings and works, and provides a simple but comprehensive procedure for the enforcement of rights, claims, and demands of all laborers and materialmen against the principal contractor and his surety. This legislation becomes the more beneficent when we recall that no lien may be registered or enforced against government property, and the lack of right in any one to sue the sovereign without its consent. Nowhere does the act mention or refer to subcontractors, or to their laborers and materialmen having rights to enforce against them. The rights of such persons availing themselves of the benefits of this statute may only be enforced against the principal contractor and his surety. This is specifically provided for in the act. Edwin T. Mankin et al. v. United States, 215 U.S. 533, 30 S.Ct. 174, 54 L.Ed. 315. Most assuredly no right is given therein to the principal contractor to enforce a claim against the surety of his subcontractor, resulting from the default of the latter. The contractor, of course, may not sue his own bondsman for unpaid labor or materials used by the subcontractor. It is his duty, primarily, to provide, at his own expense,

labor and material needful to the performance of his contract.

We are in accord with the construction Judge Dawkins gave this statute in United States v. Maples (D.C.) 6 F.Supp. 354, 358. In that case, a concursus proceeding, the Peden Iron & Steel Company, a furnisher of material to a subcontractor of a principal contractor erecting buildings for the government, intervened and sought to implead the United States Fidelity & Guaranty Company, the surety on said subcontractor's bond. It was held that this could not be done in the manner sought. We quote the following with approval from Judge Dawkins' opinion: "Taking up first the exception of no cause of action by the United States Fidelity & Guaranty Company to the intervention of Peden Iron & Steel Company, I am of the view that, while a subcontractor or those having claims for labor or materials furnished either to him or to the original contractor may have a right of action in this proceeding upon the bond by the principal contractors with the government (Bartlett & Kling v. Dings [C.C.A.] 249 F. 322; Chicago Bonding & Surety Company v. U. S. [C.C.A.] 261 F. 266; Taylor v. Connett [C.C.A.] 277 F. 945; Mankin v. U. S. to Use of Ludowici-Celadon Co., 215 U.S. 533, 30 S.Ct. 174, 54 L.Ed. 315, affirming [C.C.A.] 158 F. 1021), they cannot implead the surety upon the bond of a subcontractor given for the protection of the principal contractor. This is a statutory proceeding (title 40, § 270, U.S.C. [40 U.S.C.A. § 270]) upon the bond required to be given to take the place of the lien which the furnishers of labor and material would have against the work in the case of a private individual. There can be no lien upon government property, and it cannot be sued without its consent. Any one having a claim against the contractor with the government, after certain delays and after its failure to sue, may proceed in the name of the United States upon the bond which the law requires the government to exact in letting public works. It provides that there shall be but one suit, and 'any person, company, or corporation who has furnished labor or materials used in the construction or repair of any public building or public work' may sue or intervene in the proceeding after it has been instituted, regardless of the amount of the claim. It cannot be commenced until after the completion of the work and final settlement by the government, and then not later than one year thereafter. 'If the recovery on the bond should be inadequate to pay the amounts found due to all of said creditors, judgment shall be given to each creditor pro rata of the amount of the recovery.' The fact that it is required to be brought in the name of the government carries the idea that the claimants authorized to sue on the bond shall, in effect, occupy the position of the United States, if it were compelled to pay the furnisher of labor and materials to discharge a lien. In other words, it substitutes them in place of the government, and reasonably contemplates that the proceedings shall be limited to and determined by the rights of all parties in and under the bond or obligation given to the United States. To this extent it is in the nature of a proceeding in rem on the bond. To engraft either a contractual or legal claim or controversy between these claimants and a third person, such as the surety on a subcontractor's bond, who has voluntarily appeared or under process been brought into the matter, and as to whom the government has no interest and is not privy, would, I think, go beyond the purpose of the law and bring in persons and parties who could not otherwise, because of citizenship, etc., be sued in this court, under the limited jurisdiction conferred by this statute. I see no reason why any one having claims which, but for the fact that those were public buildings, would have had a lien thereon, may not avail himself of the benefits of the statutory bond, but, as to those bonds given by subcontractors to persons other than the government (which are not required by law), claimants are relegated to the normal remedies and proceedings which exist in suits to which the government is not a party. My view, therefore, is that the motion of the United States Fidelity & Guaranty Company to dismiss the demand as to it, by the Peden Iron & Steel Company, should be sustained."

The Heard Act being a federal law, the construction placed thereon by a federal court is binding on, and should be followed by, state courts, even though there should be some difference in the views concerning same. John Laughlin v. Louisiana & N. O. Ice Co., 35 La.Ann. 1184; Upshur et al. v. Briscoe et al., 37 La.Ann. 138; Simmons v. Louisiana Ry. & Nav. Company, 149 La. 686, 90 So. 24; Davis, Director General, v. Ferguson, 173 La. 132, 139, 136 So.

293; Snow v. Texas & P. Ry. Co. (La. App.) 166 So. 200.

Appellee relies upon the case of James Miles & Son Co. v. Ætna Casualty & Surety Company, 1 F.Supp. 925, a decision by a United States District Court of Massachusetts. The facts of that case, disclosed from the opinion, are these: A furnisher of labor and materials to the subcontractor instituted a proceeding under the Heard Act· (40 U.S.C.A. § 270) against the principal contractor and its surety to have its claim recognized and enforced. Another furnisher of labor and materials intervened. The subcontractor also intervened and urged an alleged balance due to it by the principal contractor. The subcontractor and its surety were later joined as defendants in the same proceeding and answered. They participated in the trial of the case. The claims of the two furnishers were established and recognized by the court. Judgments therefor were given against the principal contractor and its surety. Demand for payment thereof was made upon the subcontractor's surety and refused. The principal contractor then paid the judgments and instituted suit against the subcontractor's surety to recover the amount thus paid by it and to recover an additional amount as damages suffered by it on account of the subcontractor's delay in performance of its contract. It does not appear from the opinion in this case that any objection· was offered to impleading the subcontractor's surety in the proceeding. The subcontractor, itself, voluntarily became a party to the proceeding, but it does not appear that judgment for any amount was rendered against it; and, in addition, the fact of diverse citizenship and that more than $3,000 was involved in the case, probably influenced the parties' attitude toward the matter of jurisdiction. Of course, after the principal contractor paid the judgments, it had a perfect right to sue the subcontractor's surety therefor. The facts of this case are not on all fours with the one at bar and should not control a decision of the jurisdictional question here presented.

█ It is our opinion that this suit was properly instituted in the district court of Ouachita parish, La., and that the exception to the jurisdiction thereof was erroneously overruled. Code of Practice, art. 165, par. 2; Weil Bros. & Bauer v. C. N. Adams & Son, 126 La. 532, 52 So. 757.

· For the reasons herein assigned, the judgment appealed from is annulled and set aside; and this cause is remanded to the lower court for further proceedings; costs of appeal are assessed against appellee.