**UNITED STATES, to Use of DEACON BROS., Inc., v. STARRETT BROS. & EKEN, Inc., et al.**

**No. 19302.**

District Court, E. D. Pennsylvania.

March 16, 1937.

672

Adams, Childs, McKaig & Lukens, of Philadelphia, Pa., for plaintiff.

W. Heyward Myers, Jr., and Morgan, Lewis & Bockius, all of Philadelphia, Pa., for defendants.

Felix & Felix, of Philadelphia, Pa., for James P. Delahunty, trustee.

MARIS, District Judge.

This is a suit under the Heard Act, 40 U.S.C. § 270 (40 U.S.C.A. § 270), by the use plaintiff, a materialman, against the general contractor for the construction of the Philadelphia Post Office building and its sureties to recover the sum of $4,024.18 alleged to be due it by Paul W. Bounds Company, a subcontractor. Starrett Bros. & Eken, Inc., the defendant general contractor, has filed by way of equitable defense its bill of interpleader setting forth that it has paid to Paul W. Bounds Company all moneys due the latter under its subcontract except $6,280.15, that an assignee of Paul W. Bounds Company has also made claim to a part of said sum, and praying that upon payment of said sum of $6,280.15 into court it be discharged from all liability to use plaintiff, Paul W. Bounds Company, and its assignee Martin J. Morgan. The trustee in bankruptcy of Paul W. Bounds Company has filed an answer to the bill denying that $6,280.15 is all the money due under the subcontract and averring, on the contrary, that the amount due is $7,280.15. Use plaintiff has filed a motion to dismiss the bill.

The motion must be granted. In the first place, this suit is brought upon the general contractor's bond under the provisions of the Heard Act-which authorize any person furnishing labor or materials to the work who has not been paid to intervene in the suit. As a matter of fact, two additional use plaintiffs, neither of whom claim under Paul W. Bounds Company, have been permitted to intervene. It thus becomes clear that this suit was not brought to recover the amount due by the general contractor to Paul W. Bounds Company under its subcontract, with which subcontract none of the use plaintiffs has anything to do. In fact, the question whether there is anything due by the contractor to the subcontractors under the subcontracts has no bearing upon the use plaintiffs' claims upon the bond. Mankin v. United States, 215 U.S. 533, 30 S.Ct. 174, 54 L.Ed. 315.

Furthermore, the general contractor is not a mere stakeholder, since it appears from the answer filed by the trustee in bankruptcy of Paul W. Bounds Company, the subcontractor, that the amount due under the subcontract is in dispute and must be litigated. This question obviously cannot be litigated in this case, however. It follows that the defendant is not entitled to an interpleader by way of equitable defense in this action. Pacific Mut. Life Ins. Co. v. Lusk (D.C.) 46 F.(2d) 505.

As we have indicated, the subcontractor, Paul W. Bounds Company, is in bankruptcy and its estate is now in process of liquidation in this court. Under these circumstances, it would seem that the claims of the various parties interested in the fund due under the subcontract may conveniently be determined by this court in the bankruptcy proceeding.

Bill dismissed with leave to file supplemental affidavit of defense within fifteen days.