UNITED STATES of America, for the Use and Benefit of J. A. EDWARDS & CO., Inc., Plaintiff,

v.

BREGMAN CONSTRUCTION CORP., New Amsterdam Casualty Company and Ben B. Greene, Inc., Defendants.

Civ. No. 17584.

United States District Court
E. D. New York.

Dec. 3, 1957.

See also 156 F.Supp. 788.

---

Irving Levine, New York City, for plaintiff.

M. Carl Levine, Morgulas & Foreman, New York City, for defendants Bregman Const. Corp. and New Amsterdam Casualty Co.

ZAVATT, District Judge.

This is an action under the Miller Act, 40 U.S.C.A. § 270a and § 270b. The de-

fendant Bregman Construction Corp. entered into a contract with the United States to construct a special AAA facility at Lloyd Harbor, New York. This prime contract between the United States and the defendant Bregman is designated as Contract No. DA30–075 ENG 7083. Before this contract was awarded by the United States to the defendant Bregman the said defendant furnished to the United States a bond in compliance with 40 U.S.C.A. § 270a, which provides as follows:

> "270a. Bonds of contractors for public buildings or works; waiver of bonds covering contract performed in foreign country
>
> "(a) Before any contract, exceeding $2,000 in amount, for the construction, alteration, or repair of any public building or public work of the United States is awarded to any person, such person shall furnish to the United States the following bonds, which shall become binding upon the award of the contract to such person, who is hereinafter designated as 'contractor':
>
> "(1) * * *
>
> "(2) A payment bond with a surety or sureties satisfactory to such officer for the protection of all persons supplying labor and material in the prosecution of the work provided for in said contract for the use of each such person. * * *"

Thereafter the defendant Bregman entered into a subcontract with the defendant Ben B. Greene, Inc., with reference to the project covered by the said prime contract. The defendant New Amsterdam Casualty Company is the surety company on the payment bond which the defendant Bregman furnished to the United States pursuant to 40 U.S. C.A. § 270a. J. A. Edwards & Co., Inc., alleges in its complaint that it furnished certain electrical materials and supplies to the said subcontractor in the performance of the work to be performed by the prime contractor under its said contract. The plaintiff is suing the prime contractor, its surety and subcontractor un-

der 40 U.S.C.A. § 270b, which provides as follows:

"§ 270b. Same; rights of persons furnishing labor or material

"(a) Every person who has furnished labor or material in the prosecution of the work provided for in such contract, in respect of which a payment bond is furnished under section 270a of this title and who has not been paid in full therefor before the expiration of a period of ninety days after the day on which the last of the labor was done or performed by him or material was furnished or supplied by him for which such claim is made, shall have the right to sue on such payment bond for the amount, or the balance thereof, unpaid at the time of institution of such suit and to prosecute said action to final execution and judgment for the sum or sums justly due him: *Provided, however,* That any person having direct contractual relationship with a subcontractor but no contractual relationship express or implied with the contractor furnishing said payment bond shall have a right of action upon the said payment bond upon giving written notice to said contractor within ninety days from the date on which such person did or performed the last of the labor or furnished or supplied the last of the material for which such claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed. Such notice shall be served by mailing the same by registered mail, postage prepaid, in an envelop addressed to the contractor at any place he maintains an office or conducts his business, or his residence, or in any manner in which the United States marshal of the district in which the public improvement is situated is authorized by law to serve summons.

"(b) Every suit instituted under this section shall be brought in the name of the United States for the use of the person suing, in the United States District Court for any district in which the contract was to be performed and executed and not elsewhere, irrespective of the amount in controversy in such suit, but no such suit shall be commenced after the expiration of one year after the date of final settlement of such contract. The United States shall not be liable for the payment of any costs or expenses of any such suit."

The plaintiff moves for an order directing the defendant Bregman Construction Corp., by its President, Walter Bregman, to answer certain questions propounded upon the taking of the deposition of the defendant Bregman which its President refused to answer, and also moves for an order directing the said defendant Bregman to produce upon the examination of its said President and to permit the plaintiff to inspect and to copy "any and all correspondence passing between the defendant, Bregman Construction Corp., and Ben B. Greene, Inc., dealing with the electrical subcontract * * *" as well as any and all correspondence passing between these two defendants with reference to "all electrical material and supplies furnished in connection therewith and any and all books, records and correspondence showing or tending to show the electrical material and supplies incorporated in and made part of said construction project; * * *".

The moving papers do not specify the questions which it is claimed the President of the defendant Bregman refused to answer. The Court has examined the transcript (which was handed up upon the argument of this motion) and finds that the defendant Bregman, by its President, refused to answer questions as to:

1. The procedure followed by defendant Bregman with reference to the monthly requisitions for payment received by the defendant Bregman from

its subcontractor, Ben B. Greene, Inc. (pages 10–11 of the transcript).

2. Whether the defendant Bregman made any inspections of the progress of the work performed by its subcontractor, Ben B. Greene, Inc. (page 11 of transcript).

3. Whether the subcontractor, Ben B. Greene, Inc., prosecuted its work in accordance with the terms of the subcontract (page 17 of transcript).

4. The dates on which the defendant Bregman made payments to the defendant Ben B. Greene, Inc., on requisitions of the subcontractor to the main contractor, the defendant Bregman (page 17 of the transcript).

As to items 1 and 2 hereinabove stated, the transcript indicates that the President of the defendant Bregman, although he at first refused to answer questions relating thereto, did answer such questions at page 16 of the transcript.

Apparently, the plaintiff assumes that it is necessary for the plaintiff to prove that the materials allegedly supplied by it to the subcontractor were actually incorporated into the job and that it is necessary for the plaintiff to prove that there are sums due to the subcontractor by the contractor before the plaintiff can recover on the bond of the defendants Bregman and New Amsterdam Casualty Company. The Miller Act does not require the plaintiff to prove that the materials it supplied to the subcontractor were actually incorporated into the job. The plaintiff does not have to prove that the subcontractor prosecuted its work in accordance with the terms of the subcontract between defendant Bregman, as prime contractor, and the defendant Ben B. Greene, Inc., as subcontractor. All that the plaintiff has to prove is that the materials it furnished to the subcontractor were so furnished in the prosecution of the work. If the work required to be performed by the prime contractor required the use of the kind of materials which the plaintiff furnished to the subcontractor, and if the plaintiff furnished that kind of materials and supplies to the subcontractor in the prosecution of the work, and the plaintiff has not been paid therefor by the subcontractor, the plaintiff is entitled to recover on the bond as long as the plaintiff has otherwise complied with the provisions of 40 U.S.C.A. § 270b as to notice. Glassell-Taylor Co. v. Magnolia Petroleum Co., 5 Cir., 1946, 153 F.2d 527; Commercial Standard Ins. Co. v. United States for Use of Crane Co., 10 Cir., 1954, 213 F.2d 106; Fourt v. United States for Use of Westinghouse Electric Supply Co., 10 Cir., 1956, 235 F.2d 433; United States ex rel. Purity Paint Products Corp. v. Aetna Casualty & Surety Co., D.C. D.Conn.1941, 56 F.Supp. 431. The Court is aware of the decision of the United States District Court for the District of Massachusetts in the case of United States for the Benefit and Use of Westinghouse Electric Supply Co. v. Robbins, D.C.D.Mass.1954, 125 F.Supp. 25, in which that court held that it was not sufficient for the plaintiff to show merely that it delivered materials to the subcontractor and that similar materials were used in the electrical installations under the prime contract. In that case the court held that it was necessary for the plaintiff to prove by direct evidence that the materials so installed under the prime contract were the very same materials which the supplier had delivered to the subcontractor. From a reading of the Miller Act, this Court is inclined to follow the decisions of the Courts of Appeals for the Fifth and Tenth Circuits and the decision of Judge Hincks in the Purity Paint case cited supra.

There is no requirement on the part of the plaintiff to prove that any payments remain due from the general contractor to the subcontractor, to whom this plaintiff allegedly furnished electrical materials and supplies. Mankin v. United States for the Use of Ludowici-Celadon Co., 215 U.S. 533, 30 S.Ct. 174, 54 L.Ed. 315. Therefore, there is no rea-

son why the plaintiff need examine the defendant Bregman as to the payments which that defendant made to its subcontractor. In view of the foregoing, there is no reason why the plaintiff should examine the defendant Bregman as to items 3 and 4 hereinabove stated.

The prime contract between the defendant Bregman and the United States, the contract plans and specifications, drawings and other data with reference to said contract showing what kind of electrical materials and supplies the defendant Bregman was required to incorporate into the job under its prime contract and the subcontract between the defendant Bregman and the defendant Greene will show what kind of electrical materials and supplies were required " * * * in the prosecution of the work * * * " under the prime contract.

The plaintiff's motion is granted to the extent that the defendant shall appear by its President, Walter Bregman, for the continuance of its examination at a time and place to be agreed upon by counsel for the plaintiff and counsel for the defendant Bregman, or, in the event that counsel cannot agree, at a time and place to be fixed by the Court. At that examination the defendant Bregman shall produce the prime contract between itself and the United States, the contract plans and specifications, drawings and other data which will show what kind of electrical materials and supplies the defendant Bregman was required to incorporate into the job under its prime contract with the United States, and also a copy of the subcontract between the defendant Bregman and the defendant Greene. The defendant Bregman shall permit the plaintiff to inspect and to make copies thereof. In all other respects the motion is denied.

The attorney for the plaintiff will settle an order on notice.