UNITED STATES of America, for the Use and Benefit of J. A. EDWARDS & CO., Inc., Plaintiff,

v.

PETER REISS CONSTRUCTION CO., Inc., The Travelers Indemnity Company and Ben B. Greene, Inc., Defendants.

Civ. No. 17713.

United States District Court
E. D. New York.

Dec. 3, 1957.

Irving Levine, New York City, for plaintiff.

M. Carl Levine, Morgulas & Foreman, New York City, for defendants Peter Reiss Const. Co., Inc., and Travelers Indemnity Co.

ZAVATT, District Judge.

This is an action under the Miller Act, 40 U.S.C.A. § 270a and § 270b. It is alleged that defendant Peter Reiss Construction Co., Inc., entered into a written contract (No. DA30–075 ENG 6984) with the United States of America for the construction of special AAA facilities at Lido Beach, New York, and that pursuant to the Miller Act, defendant Reiss, as principal, and defendant Travelers Indemnity Company, as surety, executed a standard government form of payment bond, conditioned that if the principal shall promptly make payment to all persons supplying labor and material in the prosecution of the work provided in said contract then the obligation be void. The use plaintiff, J. A. Edwards & Co., Inc., alleged the furnishing to defendant Ben B. Greene, Inc., a subcontractor of defendant Reiss, of certain electrical materials and supplies for use in the said contract, and that there is due and owing Edwards thereon the sum of $6,274.44.

Upon the taking of the deposition of Peter Reiss Construction Co., Inc., by Peter Reiss, its President, there was a refusal to answer certain questions put by counsel for the plaintiff. The plaintiff claims further the refusal of Reiss to produce upon examination certain books and records. Plaintiff now moves for an order directing Reiss to answer the questions which he refused to answer upon the taking of his deposition, and directing Reiss to produce for inspection and copying "any and all correspondence" passing between Reiss and defendant Ben B. Greene, Inc., dealing with the electrical subcontract, "and all electrical material and supplies furnished in connection therewith and any and all books, records and correspondence showing or tending to show the electrical material and supplies incorporated in and made part of" the construction project. The moving papers fail to set forth the questions as to which a direction to answer is sought. The Court has referred to the transcript of Reiss' deposition handed up upon the oral argument of this motion, and the following disposition will be made of the refusals to answer noted therein:

1. As to any indebtedness from Peter Reiss Construction Co., Inc., to Ben B. Greene, Inc. (transcript pp. 9, 11), and as to any correspondence between Peter Reiss Construction Co., Inc., and Ben B. Greene, Inc., dealing with the electrical subcontract (transcript pp. 14, 15) the motion will be denied for the reasons stated in my opinion filed this date in United States for Use of J. A. Edwards & Co., Inc., v. Bregman Construction Corp., D.C., 156 F.Supp. 784.

2. As to whether Reiss can say that certain materials were not delivered to the Lido Beach site (transcript p. 10), the motion will be denied.

3. As to whether under the terms of its contract with Peter Reiss Construction Co., Inc., Ben B. Greene, Inc., had "full discretion to order whatever materials were necessary in its opinion for the successful prosecution of the work" (transcript p. 11), as to whether Ben B. Greene, Inc., was required to secure the consent and approval of Peter Reiss Construction Co., Inc., when ordering materials and supplies (transcript p. 12), and as to whether Peter Reiss Construction Co., Inc., ever took up with Ben B. Greene, Inc., the amount owing to J. A. Edwards, Inc., on the project (transcript p. 15), the motion will be granted.

Plaintiff's motion for an order directing the production for inspection and copying of defendant Reiss' books, records and correspondence, as stated in the motion, will be denied, no good cause therefor having been shown.

It is directed, however, that defendant Reiss appear by Peter Reiss for the continuance of its examination at a time and place to be agreed upon by counsel, and that there be produced at such examination Contract No. DA30–075 ENG 6984 entered into between Peter Reiss Construction Co., Inc., and the United States of America, the contract plans and specifications, drawings and other data which will show what kind of electrical equipment and supplies the defendant Reiss was required to incorporate into the job

under its prime contract with the United States, and also a copy of the electrical subcontract between Peter Reiss Construction Co., Inc. and Ben B. Greene, Inc., and that the plaintiff be permitted to inspect and make copies of such documents.

The attorney for the plaintiff will settle an order on notice.